IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ALBERT HUDSON, Jr.,** | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-07-0149 |
| v. | : | (Judge Rambo) |
| **JANINE M. DONATE,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.    Introduction.**

Plaintiff, John Albert Hudson, Jr., an inmate at the Lackawanna County Prison in Scranton, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint, construed as a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff has also filed motions for leave to proceed *in forma pauperis* (Docs. 2 and 8), a motion for summary judgment (Doc. 4), and motions for default judgment (Docs. 9 and 11).  Defendants are the following officials at Lackawanna County Prison: Warden Janine M. Donate, Assistant Warden Tim Betti, and Counselor Kim Rupp.  Plaintiff claims that each of the Defendants failed to answer his grievances about relocation, and he seeks: (1) a policy change at the prison to correct the problem; (2) relocation to another block; (3) dismissal of contempt charges;

(4) compensatory and punitive damages; and (5) fees and costs of suit.  For the reasons that follow, the complaint will be dismissed without prejudice under 28 U.S.C. § 1915A(b).

**II.     Discussion.**

    **A.     Preliminary Review of Complaint**

When a prisoner files suit *in forma pauperis*, the court is required to dismiss a complaint on initial screening if the complaint fails to state a claim upon which relief may be granted. § 1915A(b)(1).  In applying this screening standard, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *Ross v. Snyder*, 239 F. Supp. 2d 397, 399 (D. Del. 2002).  Consequently, the truth of the factual allegations in Plaintiff's complaint is presumed, and viewed in the light most favorable to Plaintiff.  *Gibson v. Superintendent of N.J. Dep't. of Law & Pub. Safety*, 411 F.3d 427, 431 (3d Cir. 2005).  The court must decide "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995).  Moreover, the Court is mindful that *pro se* complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *pro se* litigants shall be granted leave to file a curative complaint, "even when a plaintiff does not seek leave to amend," unless such an amendment would be futile or inequitable.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

### B. § 1983 Standard

Plaintiff fails to state a claim upon which relief may be granted because he fails to set forth the requisite elements of a § 1983 claim. To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Plaintiff does not specifically allege that Defendants were acting under color of state authority, but it appears that they were acting as officials of a political subdivision of the Commonwealth of Pennsylvania. Plaintiff's claim that his grievances went unanswered, however, fails to establish the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States.

The weight of authority demonstrates that prisoners have no constitutionally protected right to a grievance procedure. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd* 142 F.3d 430 (3d Cir. 1998); *see Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977) (Burger, C.J. concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *contra Bradley v. Hall*, 64

F.3d 1276, 1279 (9th Cir. 1995) ("The right of meaningful access to the courts extends to established prison grievance procedures."). In recent unpublished decisions, the Third Circuit concurs. *Anderson v. Pennsylvania*, 196 F. App'x 115, 117 (3d Cir. 2006); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006); *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005). Although prisoners do have a constitutionally protected right to seek redress of their grievances, that right is the right of access to the courts, and such a right is not compromised by the failure of the prison to address the inmate's grievances. *Wilson*, 971 F. Supp. at 947. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted. Amendment of the complaint would be futile because Plaintiff is not entitled to a grievance response. Consequently, Plaintiff's complaint will be dismissed without leave to amend. Moreover, Plaintiff's motion for summary judgment and his motions for default judgment will be dismissed as moot.

**III.    Conclusion**

    Because the court concludes that Plaintiff has no constitutionally protected right to a grievance procedure, he has failed to set forth the requisites of a viable § 1983 action, and the complaint will be dismissed under § 1915A(b)(1) as failing to state a claim upon which relief may be granted.  An appropriate order will issue.

                                                    s/Sylvia H. Rambo  
                                                  Sylvia H. Rambo  
                                                  United States District Judge

Dated: April 23, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN ALBERT HUDSON, Jr.,** : | |
| : | |
| **Plaintiff** : | **CIVIL NO. 1:CV-07-0149** |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **JANINE M. DONATE,** *et al.***,** : | |
| : | |
| **Defendants** : | |

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2 and 8) are construed as motions to proceed without pre-payment of fees and costs, and the motions are **GRANTED** for the purpose of filing this complaint.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

3) Plaintiff's motion for summary judgment (Doc. 4) and Plaintiff's motions for default judgment (Docs. 9 and 11) are **DENIED** as moot.

4) The Clerk of Court is directed to **CLOSE** this case.

     5) Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                                     s/Sylvia H. Rambo
                                                     Sylvia H. Rambo
                                                     United States District Judge

Dated: April 23, 2007.